MAINE MUTUAL MARINE INSURANCE COMPANY
*vs.*
EBEN BLUNT *et al.*

*Renewed premium note—liability upon.*

When a firm gives a premium note in advance for the security of dealers, under the charter of a Mutual Insurance Company, and a new firm is formed which succeeds to its business and which gives a note in renewal of the one first given, the signers of such note are liable therefor.

Where premiums have been earned against such firm by the company while the note is running, the firm are not liable for such premiums in addition to such note.

ON REPORT.

ASSUMPSIT upon note given by the defendants to the plaintiffs dated January 1, 1872, for $637.35, and payable to the plaintiffs' order in twelve months from date. There was also a count upon an account annexed for $212.24, being amount of premiums for insurance effected by Blunt & Co. between January 1, 1872, and May 1873, when the company was declared insolvent, and not indorsed on any note. Blunt, Hinman & Co. gave note for $1,001, dated April 26, 1870, for open policy No. 10, and were parties to the agreement mentioned in previous cases of *Howard* v. *Palmer*, and *Same* v. *Hinckley, ante.* In January 1871, that firm took up that note, paid the premiums of the year in cash, and took a new open policy. In January 1872, the present defendants who had succeeded to the business of Blunt, Hinman & Co. took up the note then maturing, and gave this note in suit which was for the sum remaining after deducting the premiums of the year from the $1,001 note. The defendants offered to pay the $212.24, and the plaintiffs claimed that sum in addition to the note, because not indorsed thereon. The other facts appear in the preceding cases and in the opinion.

*A. W. Paine, C. P. Stetson* and *A. A. Strout* for the plaintiffs.

*J. S. Rowe* and *Wilson & Woodard* for the defendants.

APPLETON, C. J.   This is on a note given in renewal of a note given by Blunt, Hinman & Co. for an open policy issued by the plaintiff corporation.   Eben Blunt was by the act of incorporation one of the trustees of the company and signed the subscription paper referred to in *Howard* v. *Palmer, ante.*   He was likewise a vice president.

The note originally given by Blunt, Hinman & Co. was settled by deducting the amount due for premiums and giving the present note signed by Blunt & Co. who were the successors in business of the first named firm, having purchased their business and property.   The new firm when it gave the note in suit, took a new open policy under which they have effected insurance to the amount of $212.34; for which sum they are willing to be defaulted.   "But," as was remarked by Gray, J., in *Deraismes* v. *The Merchants' Mutual Insurance Company,* 1 Comst., 375, "the concession that the note is so far valid, it seems to me, virtually admits that it is good for the whole amount."   That case was like the present in the charter of the insurance company and in the fact that there were risks taken under the open policy.

That the note in suit was given under § 9 to form part of the fund for the security of dealers we cannot doubt.   *The Merchants' Mutual Insurance Company* v. *Rey,* 1 Sandf., 184.

The defendants are liable only for the amount of the note, and not for the premiums in addition to the note.   *The Merchants' Mutual Insurance Company* v. *Leeds,* 1 Sandf., 183.

*Defendants defaulted.*

CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.

PETERS, J., did not sit.